FILED
SUPERIOR COURT
OF GUAM

2014 APR 21 PM 1:29

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>v.<br><br>MIGUEL MARIANO MUNA CASTRO,<br>ALCANDER PREWITT MENO SALAS,<br>THERESA DUMANAL CASTRO,<br>BENJAMIN THOMAS PEREZ RECANOR,<br>SHAWN ERIC MARTINEZ,<br><br>Defendants. | CRIMINAL CASE NO. CF 0474-13<br><br>**DECISION AND ORDER** |

This matter came before the Honorable Arthur R. Barcinas on April 11, 2014, on Defendant Recanor's Motion to Sever and Motion to Suppress Evidence. Anthony R. Camacho represents Defendant Recanor and Assistant Attorney General Nicole D. Driscoll represents the Government. For the reasons set forth below, the Court grants the Motion to Sever and denies the Motion to Suppress.

Per the Indictment returned on September 10, 2013, Defendant Recanor and his Co-Defendants are charged with various counts of burglary and theft. On April 11, 2014, Defendant Recanor filed his Motion to Sever and Motion to Suppress. Pursuant to 8 GCA § 65.35, Defendant Recanor argues that severance is appropriate because each Co-Defendant made statements to police concerning other Co-Defendants. In support of his Motion, Defendant Recanor supplies police reports detailing such statements and argues that he would be unable to confront Co-Defendants due to their respective rights against self-incrimination (and vice versa). Defendant Recanor also contends that his statements to police should be suppressed because, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, he was questioned after invoking his right to have counsel present.

The Court may grant a severance of defendants or provide other relief justice requires "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together[.]" 8 GCA § 65.35 ("Section 65.35 is based on [. . .] former Rule 14" of the Federal Rules of Criminal Procedure.). "Severance should be granted only if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). To prevail on a motion to sever, a defendant bears the burden to show clear, manifest, or undue prejudice from a joint trial. United States v. Polizzi, 801 F.2d 1543, 1554 (9th Cir. 1986). "The prime consideration in assessing the prejudicial effect of a joint trial is whether the court may reasonably expect the jury to collate and appraise the independent evidence against each defendant in view of its volume and the court's limiting instructions." United States v. Sherlock, 962 F.2d 1349, 1360 (9th Cir. 1989).

Bruton and its progeny are instructive: "[A] defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." Richardson v. Marsh, 481 U.S. 200, 207 (1987); Bruton v. United States, 391 U.S. 123, 126-27, 132 (1968). The Court is mindful that redaction may serve to eliminate any Bruton problems. Sherlock, 962 F.2d at 1361 (citing Richardson, 481 U.S. at 209). However, considering the thorough statement made by Defendant Recanor to the police, as well as the statements made by Co-Defendants, it is apparent that Defendant Recanor's Fifth Amendment privilege against self-incrimination is in tension with the Sixth Amendment right to confront witnesses. Accordingly, the Court is not persuaded that clear, manifest, or undue prejudice can be avoided by alternative measures, and the Court is not inclined to sacrifice constitutional rights in favor of judicial economy. See Bruton, 391 U.S. at 137 ("We cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination."). Moreover, severance is appropriate when a defendant shows that "'[t]he essence or core of the defenses [are] in conflict such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other.'" Sherlock, 962 F.2d at 1361 (quoting United States v. Romanello, 726 F.2d 173, 177 (5th Cir. 1984)). In view of the statements at issue, a joint trial including Defendant Recanor would be

prejudicial and, indeed, judicial economy would be undermined. The Court therefore concludes that Defendant Recanor has made a sufficient showing that severance is necessary. Defendant Recanor's Motion to Sever is GRANTED and his trial will commence after the conclusion of the joint trial of his four Co-Defendants.

The Fifth Amendment of the United States Constitution provides the privilege against self-incrimination. People v. Hualde, 1999 Guam 3, ¶ 20 (citing Miranda v. Arizona, 384 U.S. 436, 460–461 (1966)). Admissibility of a statement made during custodial interrogation turns on whether the police warned the suspect of the following: that he has the right to remain silent; that anything he says can be used against him in a court of law; that he has the right to the presence of an attorney; and that, if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires. People v. Rasauo, 2011 Guam 1, ¶ 16 (quoting Miranda, 384 U.S. at 479) (internal quotations omitted).

Testimonial evidence that is a product of custodial interrogation is inadmissible unless a defendant waived the privilege against self-incrimination. People v. Sangalang, 2001 Guam 18, ¶ 12 (citations omitted). A valid waiver must be voluntary, knowing, and intelligent. Id. The Government bears the burden to prove, by a preponderance of the evidence, the validity of a waiver. Rasauo, 2011 Guam 1, ¶ 16. This Court examines the totality of circumstances to discern the voluntary, knowing, and intelligent nature of a Miranda waiver. People v. Angoco, 2007 Guam 1, ¶ 37 (citing Sangalang, 2001 Guam 18, ¶ 13). Moreover, one's waiver "must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception" and "must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Angoco, 2007 Guam 1, ¶ 37 (quoting Hualde, 1999 Guam 3, ¶ 30).

Although Defendant Recanor cites police reports to support his Motion, the reports submitted by Defendant Recanor belie his contention that he invoked his right to counsel. The reports demonstrate that Defendant Recanor was well-apprised of his rights and carefully considered his options before providing the statements which he now seeks to suppress. In particular, Defendant Recanor initially declined to answer questions so that he could consider whether to have counsel present, but ultimately decided of his own accord not to avail himself of his right. Defendant Recanor then proceeded to offer detailed accounts of the alleged offenses. In view of the totality of the circumstances, the Court concludes, by a preponderance

of the evidence, that Defendant Recanor made a voluntary, knowing, and intelligent waiver. Defendant Recanor's Motion to Suppress is DENIED.

**IT IS SO ORDERED** this day of APR 2 1 2014 .

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
court box of:

Date: Time:

Deputy Clerk, Superior Court of Guam